IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MEKREMA SPAHIC | ) | |
| | ) | |
| v. | ) | No. 3-12-0862 |
| | ) | |
| GAYLORD ENTERTAINMENT | ) | |
| COMPANY d/b/a Gaylord Opryland | ) | |
| Resort & Convention Center | ) | |

O R D E R

Upon the parties' request, a settlement conference is scheduled on **Thursday, November 13, 2013, beginning at 9:00 a.m.,** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, TN.

Counsel for the parties shall continue to engage in settlement discussions prior to the settlement conference to the extent that such discussions will be productive.[1]

Counsel for the parties shall attend the settlement conference, along with the plaintiff and a representative of the defendant with full settlement authority. For the purposes of this case, full settlement authority means that the defendant's representative present at the settlement conference shall have full settlement authority up to the last demand made by the plaintiff, that the defendant does not need authority from any other individual or entity to enter into any settlement agreement, and that the representative of the defendant present at the settlement conference shall have total independent authority to enter into <u>any</u> settlement.[2]

Counsel for each party shall be prepared to present a brief opening statement (5 to 10 minutes) in the courtroom at the beginning of the settlement conference. The parties shall be prepared to devote the entire day to the settlement conference, if necessary.

---

[1] The parties participated in private mediation early in the case.

[2] The parties are advised that, unless otherwise specifically ordered, failure to be present with <u>full</u> settlement authority could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.

By no later than **3:00 p.m. on Monday, November 4, 2013,** the parties shall deliver *under seal*, directly to Ms. Jeanne Cox, Courtroom Deputy to the undersigned, or to Mr. Steve Wilson or Mr. Chris Call, law clerks to the undersigned, or provide by facsimile transmission (615-736-7070) ex parte, separate settlement conference statements which shall specify their respective settlement positions. If a settlement conference statement is provided by fax, it is not necessary to deliver the original.

1) Each statement is to be furnished only to the Court and not to the other parties. The statements shall not be e-filed or otherwise filed with the Clerk of Court.

2) In their respective statements, counsel for the parties shall make a candid assessment of the strengths and weaknesses of each party's position in the case and shall give a good faith opinion (expressed as a percentage) of each client's probable success on the merits, and each client's probable success.

 a) Plaintiff's statement shall contain an assessment from the plaintiff's viewpoint of the strengths and weaknesses of her position.

 b) Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

3) Each statement shall include a brief overview of the facts and a summary of the party's view of the law as to their respective theories of liability or defense.

4) Nothing in the way of a jury speech shall be contained in the settlement conference statements.

5) Each statement shall contain an assessment of the economic cost of proceeding to trial, including attorney fees and expenses that have already been incurred and attorney fees and expenses that will be incurred if this case is not settled.

6) Each settlement conference statement also shall contain a statement of counsel's best judgment as to the amount which should be paid or received by his client in a settlement of the case and any other related terms and conditions of such a settlement.

7) The statement shall include the maximum amount the defendant may be willing to pay and the minimum amount the plaintiff may be willing to accept.[3]

8) Each statement shall recount with specificity the settlement discussions between the parties to date.

3. Counsel for the parties shall convene a telephone conference call with the Court on **Wednesday, November 6, 2013, at 3:00 p.m.,** to be initiated by defendant's counsel, to address any matters that the parties and/or the Court may have with regard to the conduct of the settlement conference.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[3] Essentially, the parties shall provide their "bottom line." However, the parties should be prepared to negotiate further from these figures during the course of the settlement conference.