IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MEKREMA SPAHIC )
)
v. ) NO. 3-12-0862
) JUDGE CAMPBELL
GAYLORD ENTERTAINMENT )
CO. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 15). Defendant's Motion is GRANTED in part and DENIED in part as set forth herein.

FACTS

Plaintiff filed this action against her former employer, alleging claims under Title VII (42 U.S.C. § 2000e, *et seq.*) and under the Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101, *et seq.*).[1] Plaintiff asserts that Defendant retaliated against her because she filed charges of discrimination and opposed Defendant's unlawful actions, in violation of Title VII; that Defendant failed to provide a reasonable accommodation for her disability, in violation of the ADA; that Defendant discriminated against her because of her disability or perceived disability, in violation of the ADA; and that Defendant retaliated against her for asserting rights under Title VII and the ADA.

Plaintiff alleges that, at all relevant times, she worked as a server in Defendant's Ristorante Volare. Plaintiff contends that in October of 2007, she was required to take a medical leave from work because of post-traumatic stress disorder, depression and anxiety related to her employment with Defendant. Plaintiff claims that, pursuant to Defendant's leave policy, she was permitted up to 26

---

[1] The parties disagree as to which version of the ADA should apply to this action. The ADA was amended in 2008 to broaden the definition of "disabled." Those amendments became effective on January 1, 2009. *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012). The Sixth Circuit Court of Appeals has held that those amendments are not retroactive. *Id*. Because Plaintiff's termination occurred in 2008, the prior version of the ADA applies. *Id.*

weeks of short-term disability leave, which was administered by a third party, UNUM. Plaintiff avers that in October of 2007, she filed her first Charge of Discrimination against Defendant (alleging discrimination based upon national origin, age and disability) with the Tennessee Human Rights Commission ("THRC") and the Equal Employment Opportunity Commission ("EEOC").

Plaintiff asserts that she was medically released to return to work effective April 2, 2008. Plaintiff claims that she returned to work on April 16 and 17, 2008. She avers that on April 17, 2008, she was sent home by restaurant management and was never placed back on the schedule. Plaintiff contends that Defendant attempted to have the third-party administrator place Plaintiff back on short-term disability leave so that Defendant could fire her for exhausting that leave. Plaintiff states that she did not request or apply for a return to short-term disability leave and that she was fully capable of performing her job from April 2, 2008, until her discharge. Plaintiff alleges that in May of 2008, she filed a second Charge of Discrimination against Defendant.

Defendant has moved for summary judgment on all of Plaintiff's claims. Defendant argues that Plaintiff cannot establish that she was terminated, retaliated against or discriminated against because of any alleged disability or exercise of protected rights.

The parties agree that, during Plaintiff's employment with Defendant, Defendant offered short-term disability benefits that provided full-time employees with pay for up to 26 weeks when they suffered an off-the-job illness or injury. Docket No. 25, ¶ 5. The parties further agree that to file a claim for short-term disability, an employee must contact UNUM, Defendant's third-party administrator. *Id*., ¶ 6. It is undisputed that if the employee is unable to return to work upon exhaustion of benefits, that employee is terminated without exception. *Id*., ¶ 9.

The parties also agree that if an employee suffers a second qualifying illness or injury prior to being back at work for two weeks, the employee is entitled to the remaining benefits under the

previous claim; if the employee works two weeks after returning to work and suffers a second qualifying illness or injury, however, the employee is entitled to an additional 26 weeks of benefits. Docket No. 25, ¶¶ 7-8.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.*

## RETALIATION

Plaintiff contends that Defendant retaliated against her, under both the ADA and Title VII, for asserting her rights under the ADA and for filing a charge of discrimination[2] against Defendant.

---

[2] Plaintiff refers to two charges of discrimination, but the second was not filed until after the alleged adverse employment action (firing) and thus could not be causally connected to

3

To make a *prima facie* case of retaliation,[3] Plaintiff must show that (1) she engaged in protected activity; (2) the activity was known to the Defendant; (3) Plaintiff was subjected to a materially adverse employment action, and (4) there was a causal connection between the protected activity and the adverse action. *White v. Putnam County*, 2013 WL 5935146 at * 6 (M.D. Tenn. Nov. 1, 2013) (citing *Harris v. Metro. Government of Nashville and Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010)).

The Court finds that Plaintiff has not shown a causal connection between her filing of a complaint and her termination. As indicated below, Plaintiff's arguments support her claim that Defendant fired her because she took short-term disability leave, but she has shown no causal connection between that firing and her THRC or EEOC complaint.

To establish the causal connection required in the fourth prong, Plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the Plaintiff not filed a discrimination action. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000) (superceded by the 2008 Amendments); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 2014 WL 199856 at * 14 (M.D. Tenn. Jan. 17, 2014). The Sixth Circuit has held that temporal proximity, although a relevant factor, is generally not sufficient to support a finding of causal connection in the absence of other direct or compelling circumstantial evidence. *Rock v. T.N.H.D. Partners, LLC*, 833 F.Supp.2d 802, 820 (M.D. Tenn.2011) (citing *Nguyen*).

The Supreme Court has held that the causation element requires that the Plaintiff show that the unlawful retaliation would not have occurred in the absence of the alleged wrongful actions of the

---

the termination.

    3    There are variations in the statutory laws which allow retaliation claims, but the essential framework remains the same. *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999).

employer. *Smith v. Tennessee State University*, 2013 WL 4675571 at * 4 (M.D. Tenn. Aug. 30, 2013) (citing *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013)). The Court finds that Plaintiff has not produced sufficient evidence to support an inference of a causal connection between her protected activity (filing a complaint) and her firing. Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim of retaliation for filing a THRC or EEOC complaint.

With regard to Plaintiff's claim of retaliation for exercising her short-term disability leave rights, the Court finds that Plaintiff has created a genuine issue of material fact sufficient to survive summary judgment. For example, Plaintiff asserts that Defendant's Assistant Director of Human Relations, Billie Ann Collins, told Plaintiff that she had returned to work prematurely and suggested the option of applying for long-term disability. Plaintiff has also shown that Defendant's Senior Benefits Specialist, Jaye Sloan, sent an e-mail to UNUM on May 19, 2008 (the date of Plaintiff's termination letter) which said, with regard to Plaintiff, "I need approval ASAP so that we can address this situation today. This has been an ongoing case with a lot of issues and *we are wanting to exhaust her STD so that we can terminate her according to the terms of our policy*. Help!" Docket Nos. 20-4 and 23-2 (emphasis added).

Plaintiff claims repeatedly that she never asked for additional short-term disability leave after she returned to work on April 16, 2008. Defendant argues that she did request such leave, that such leave was granted, and that because it was within 14 days after she returned to work, she exhausted her leave and was fired. The Court cannot resolve this genuine issue of material fact on summary judgment.

In addition, Plaintiff denies that she refused to work on April 16 or 17, 2008. She claims she was ready, willing and able to work, she was sent home by Defendant, and she never returned because

Defendant refused to put her on the schedule. Defendant claims that Plaintiff left and never returned to work. Defendant asserts that Plaintiff contacted UNUM numerous times after April 16, 2008, to request an extension of her short-term disability leave, and Plaintiff denies this assertion. Plaintiff avers that to receive an extension of short-term disability leave, an employee would have to provide medical documentation and there was no medical documentation restricting Plaintiff from working after April 2, 2008. Again, these issues of material fact cannot be decided on summary judgment.

Defendant argues that, even if Plaintiff can establish a *prima facie* case of retaliation, it has articulated a legitimate, non-discriminatory reason for its actions, and Plaintiff cannot show that reason to be pretextual. Defendant contends that Plaintiff exhausted her short-term disability leave on April 17, 2008, and that she was terminated on that date pursuant to the terms of Defendant's policy, just as any other employee who exhausted his or her leave would have been terminated.

Again, however, there are genuine issues of material fact as to whether Plaintiff actually exhausted her leave on April 17, 2008, when Plaintiff claims she was ready, willing and able to return to work. Plaintiff argues that Defendant solicited UNUM's help in extending her leave, without her request or the requisite medical documentation, for the express purpose of terminating her employment. In other words, there are questions of fact as to whether Defendant's articulated reason was pretextual.

For these reasons, Defendant's Motion for Summary Judgment on Plaintiff's claims of retaliation for exercising her short-term disability rights is denied.

DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE

Plaintiff claims that Defendant discriminated against her because of her disability or perceived disability and refused to allow her a reasonable accommodation, in violation of the ADA.

6

Plaintiff has not responded to Defendant's arguments concerning the reasonable accommodation, and the Court finds that Plaintiff's failure to accommodate claims should be dismissed.

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he or she has a disability, as defined in the ADA; (2) he or she is qualified to perform the essential functions of the position, with or without reasonable accommodation; and (3) he or she suffered an adverse employment action because of his or her disability. *McKay v. Toyota Motor Mfg., U.S.A.*, 110 F.3d 369, 371 (6th Cir. 1997); *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

Thus, in order to proceed with these claims under the ADA, Plaintiff must meet the threshold burden of showing that she is a "disabled" individual within the meaning of the ADA. It is this requirement which Defendant asserts that Plaintiff cannot meet.

Under the ADA,[4] a "disability" is defined in three ways: (A) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2).

Plaintiff admitted in her deposition that she was not disabled when she returned to work on April 16, 2008. Docket No. 15-1, p. 249. Moreover, in her Complaint, Plaintiff states that she was fully capable of performing her job from April 2, 2008, until her discharge. She claims she never requested additional short-term disability leave. Indeed, Plaintiff's primary argument is that she was ready, willing and able to return to work after April 2, 2008, and Defendant wrongfully extended her

---

[4] Plaintiff's arguments concerning the expanded definition of "disability" under the 2008 Amendments to the ADA are not persuasive because, as stated above, this case is analyzed under the former law.

short-term disability leave in order to fire her. The Court finds that Plaintiff has not shown that she was "disabled" under the ADA at the time of her termination.

Plaintiff also asserts, however, that Defendant "regarded her as disabled." She claims that when she attempted to return to work, Defendant (through Collins and Bennett) told her they thought she had returned to work prematurely and should take long-term disability,[5] and they questioned her ability to do her work.

Under the former version of the ADA which applies here, a person is regarded as disabled if she is regarded as having an impairment that substantially limits one or more major life activities. *Bailey v. Real Time Staffing Servs., Inc.*, 2013 WL 5811647 at * 2 (6th Cir. Oct. 29, 2013) (citing *Sutton v. United Air Lines, Inc.*, 119 S.Ct. 2139 (1999)).[6]

The Court finds that Plaintiff has raised a genuine issue of material fact as to whether Defendant regarded her as disabled. As indicated in the e-mail quoted above, Defendant's Senior Benefits Specialist indicated that she was "wanting to exhaust her [Plaintiff's] STD." In addition, Plaintiff has stated that Defendant's Human Relations Manager told Plaintiff she thought Plaintiff had returned to work prematurely and should take long-term disability and the restaurant manager questioned her ability to do her work.

This evidence is sufficient to create a factual issue as to whether Defendant regarded Plaintiff as disabled and, thus, to survive summary judgment. For the reasons stated above, there are also

---

[5] The Court notes that the absence of any discussion of whether a disability for short- or long-term benefits under Defendant's benefits policy is the same as a disability under the ADA.

[6] The 2008 Amendments to the ADA superseded the holding in *Sutton* and broadened the class of ADA-eligible persons by amending the law to provide that a person is regarded as disabled if she has an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A). Those amendments, however, do not apply in this case.

8

factual issues concerning Defendant's articulated reason for Plaintiff's firing. Accordingly, Defendant's Motion for Summary Judgment on disability discrimination is denied.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 15) is GRANTED in part and DENIED in part. Plaintiff's claims for retaliation based upon her THRC and EEOC Complaints are DISMISSED, and Plaintiff's claims for failure to provide a reasonable accommodation are DISMISSED.

IT IS SO ORDERED.

                                                                 _____
                                                                 TODD J. CAMPBELL
                                                                 UNITED STATES DISTRICT JUDGE